```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MICHAEL WILLIAMS, pro se,                                   :
                                                            :
                              Petitioner,                   :
                                                            :         MEMORANDUM AND ORDER
              -against-                                     :         ADOPTING REPORT AND
                                                            :         RECOMMENDATION
RONALD W. MOSCICKI,                                         :         10-CV-5918 (DLI)(LB)
                                                            :
                              Respondent.                   :
----------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Michael Williams ("Petitioner") filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Petition, Dkt. Entry No. 1.) On February 10, 2014, the Honorable Lois Bloom, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (*See* R&R, Dkt. Entry No. 17.) On February 27, 2014, Petitioner filed objections to the R&R. (*See* Objection, Dkt. Entry No. 18.) For the reasons set forth below, the R&R is adopted in its entirety and the Petition is denied.

## BACKGROUND[1]

In 2003, Petitioner was convicted of robbery in the first degree, robbery in the second degree, and grand larceny after a trial by jury in Kings County Supreme Court, New York. (Tr.[2] at 1304-05.) Petitioner was sentenced as a second violent felony offender to a determinate sentence of eighteen years for robbery in the first degree, a determinate sentence of fifteen years for robbery in the second degree, and an indeterminate sentence of five to fifteen years for grand larceny in the second degree. (S.[3] at 16.)

---

[1] Familiarity with the R&R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* R&R.) Since the R&R provides a thorough recitation of the relevant facts underlying the Petition, the facts will not be repeated herein except as necessary.

[2] "Tr." refers to the transcript of Petitioner's jury trial which commenced on June 16, 2003.
[3] "S." refers to the transcript of Petitioner's sentencing hearing on July 30, 2003.

Petitioner appealed his conviction and sentence to the Appellate Division, Second Department, of the Supreme Court of the State of New York ("Appellate Division") contending he was deprived of a fair trial and his rights violated when the state court: (1) denied his motion to sever his trial from that of his codefendants; (2) refused to give a missing witness charge; (3) permitted the prosecutor to comment on his post-arrest silence; (4) unfairly marshaled the evidence against him in the jury charge; (5) improperly sentenced him as a second violent felony offender; and (6) imposed an unconstitutionally excessive sentence. (Defendant's June 2006 Brief to the Appellate Division, Dkt. Entry No. 15-12 at 22-67.) On February 19, 2008, the Appellate Division affirmed Petitioner's conviction, but remitted the matter for a hearing on the issue of whether Petitioner was properly sentenced as a second violent felony offender and for resentencing thereafter. *People v. Williams*, 48 A.D.3d 715 (2d Dep't 2008). On June 5, 2008, the New York State Court of Appeals ("Court of Appeals") denied Petitioner leave to appeal the Appellate Division's decision. *People v. Williams*, 10 N.Y.3d 940 (2008).

At the resentencing hearing, the prosecution withdrew its predicate felony statement. (ReS.[4] At 2-3.) The trial judge resentenced Petitioner to a determinate sentence of sixteen years for robbery in the first degree, a determinate sentence of fifteen years for robbery in the second degree, and an indeterminate sentence of five to fifteen years for grand larceny in the second degree. (ReS. at 11.) Petitioner again appealed, arguing that his new sentence was excessive. (Defendant's September 2009 Brief to the Appellate Division, Dkt. Entry No. 15-12 at 129-56.) The Appellate Division denied Petitioner's appeal, *People v. Williams*, 69 A.D.3d 887 (2d Dep't 2010), and the Court of Appeals denied Petitioner leave to appeal. *People v. Williams*, 14 N.Y.3d 846 (2010).

---

[4] "ReS." refers to the transcript from Petitioner's resentencing hearing on April 25, 2008.

Petitioner timely filed the instant *pro se* Petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254(a), setting forth the same claims raised on his first direct appeal. (Petition.)

## DISCUSSION

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). Portions of the R&R to which the parties have not objected are reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, *2 (E.D.N.Y. Sept. 28, 2010). The clearly erroneous standard also applies if a party makes conclusory or general objections, or attempts to relitigate the party's original arguments. *Robinson v. Superintendent, Green Haven Correctional Facility,* 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

In reviewing Petitioner's submissions, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). The Court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis and quotation omitted).

As set forth in the R&R, the magistrate judge recommended that: (1) Petitioner's claim regarding his motion to sever be denied, because the state court's decision was not contrary to or an unreasonable application of federal law; (2) Petitioner's claim regarding the missing witness charge be denied for the same reason; (3) Petitioner's claim regarding the prosecutor's comments

on summation be denied as both procedurally barred and meritless; (4) Petitioner's claim regarding the court's alleged marshalling of evidence during the jury charge be denied as meritless; (5) Petitioner's claim that he was improperly sentenced as a second violent felony offender be denied as moot; and (6) Petitioner's excessive sentence claim be denied, because it affords no basis for habeas corpus relief.

Petitioner objected to the R&R, arguing that the state court's decisions regarding the motion to sever, the motion for a missing witness charge, the prosecutor's statements at summation, and the court's alleged marshalling of the evidence were in error and deprived Petitioner of a fair trial. Petitioner does not object to the magistrate judge's findings regarding his sentence or her finding that his claims regarding the prosecutor's statements at summation are procedurally barred.

The Court has reviewed the record, the relevant case law, the R&R, and Petitioner's objections to the R&R. Several of the objections consist of restatements of the arguments raised in the Petition. While restatements of argument previously addressed in a report and recommendation need only be reviewed for clear error, *Zaretsky v. Maxi-Aids, Inc.*, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012), Magistrate Judge Bloom's R&R withstands the more stringent *de novo* review and is adopted in its entirety. It is clear from this court's review of the exceptionally thorough and well-reasoned R&R that the magistrate judge carefully and thoughtfully disposed of each of Petitioner's claims appropriately, supporting the findings with abundant factual and legal support. Moreover, Petitioner has failed to persuade this court that any of the state court's findings were contrary to or an unreasonable application of federal law.

Accordingly, the R&R is adopted in its entirety and the Petition is denied.

# **CONCLUSION**

For the reasons discussed above, the thorough and well reasoned Report and Recommendation issued on February 10, 2014 by the Honorable Lois Bloom, U.S. Magistrate Judge, is hereby adopted in its entirety. Accordingly, the Petition for *habeas corpus* relief pursuant to 28 U.S.C. §2254 is denied. Petitioner also is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 27, 2014

                                              /s/
                                    DORA L. IRIZARRY
                                 United States District Judge